IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17–cv–00355–RM–KMT

SHANE ERIC BOHART,

    Plaintiff,

v.

CBRE, INC.,
BRIAN STOFFERS,
CHRIS LUDEMAN,
STEVE SWERDLOW,
MARCO HECKMAN,
ADOLFO RAMIREZ-ESCUDERO, and
JONATHAN HULL,

    Defendants.

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on Defendants CBRE, Inc., Sotffers, and Ludeman's "Revised Motion to Dismiss Complaint and Compel Arbitration" (Doc. No. 32 [Mot.], filed August 31, 2017). Plaintiff did not file a response

## STATEMENT OF THE CASE

Plaintiff, proceeding *pro se*, asserts claims for defamation against his former employer, CBRE, Inc. ("CBRE"), employees of CBRE, and CBRE advisory board members. (*See* Doc. No. 15 [Am. Compl.].) Plaintiff also asserts claims for intentional infliction of emotional distress. (*See id.*)

## STANDARDS OF REVIEW

### A.     Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

### C. *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff s case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one

4

for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint s "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

## ANALYSIS

Defendants argue Plaintiff's claims are subject to a binding and mandatory arbitration agreement. (Mot. at 9–12.) Defendants also argue that Plaintiff's claims are barred by claim preclusion. (*Id.* at 6–9.) Finally, Defendants argue that Plaintiff fails to state claims upon which relief can be granted. (*Id.* 12–14.)

A.   *Applicability of 28 U.S.C. § 636(b)(1) to Motion to Compel Arbitration*

This court recognizes that the law in the Tenth Circuit is unclear as to whether motions to compel arbitration are dispositive for purposes of 28 U.S.C. § 636(b)(1). *Compare Vernon v. Qwest Commc'ns Int'l, Inc.*, 925 F. Supp. 2d 1185, 1189 (D. Colo. 2013) (electing to assume that motion to compel was dispositive, giving consideration to the fact that the court would apply a *de novo* review to the magistrate judge's application of state contract law) with *Adetomiwa v. College*, No. 15–cv–01413–PAB–NYW, 2015 WL 9500787, at *1 (D. Colo. Dec. 31, 2015) (conducting de novo review of recommendation that motion to compel be granted, but suggesting that the motion was not dispositive and the court could apply a "clearly erroneous or contrary to law" standard of review). Two courts of appeal have considered the issue and held that motions to compel arbitration are not dispositive. *See PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10 (1st Cir. 2010) (holding that a motion to compel arbitration is not dispositive because a

district court retains authority to dissolve stay or review arbitration award); *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 133 (3d Cir. 2014) ("A ruling on a motion to compel arbitration does not dispose of the case, or any claim or defense found therein. Instead, orders granting this type of motion merely suspend the litigation while orders denying it continue the underlying litigation.").

As discussed *infra*, the arbitration agreement at issue in this matter is subject to the Colorado Uniform Arbitration Act, which provides that,

> After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected . . . or is vacated . . . .

Colo. Rev. Stat. § 13–22–222. Because a district judge may ultimately confirm, modify, or vacate any arbitration award involving the parties to this action, *see Vernon*, 857 F. Supp. 2d at 1141 (quoting *Jackman v. Jackman*, No. 06–1329–MLB–DWB, 2006 WL 3792109, at *1–2 (D. Kan. Dec. 21, 2006)), the court retains jurisdiction to confirm an arbitration award, and the motion to compel arbitration is not dispositive. *Cook v. PenSa, Inc.*, No. 13–cv–03282–RM–KMT, 2014 WL 3809409, at *6 (D. Colo. Aug. 1, 2014) (citing *Vernon v. Qwest Commc'ns Int'l, Inc.*, 857 F. Supp. 2d 1135, 1140–41 (D. Colo. 2012)).

Nevertheless, because the court addresses arguments other than Defendants' argument that Plaintiff's claims are subject to a binding arbitration agreement, the court will issue its recommendation on the entirety of Defendants' motion.

B.     *Motion to Compel Arbitration*

Defendants argue that Plaintiff's claims are subject to a binding and mandatory arbitration agreement. (Mot. at 9–12.) As relevant here, Plaintiff entered into a Broker-Salesperson Contract with CBRE that contained the following arbitration provision:

> In the event of any dispute or claim between Salesperson and CBRE (including all of its employees, agents, subsidiary and affiliated entities, benefit plans, benefit plans' sponsors, fiduciaries, administrators, affiliates; and all successors and assigns of any of them), . . . Salesperson and CBRE jointly agree to submit all such disputes or claims to confidential binding arbitration and waive any right to a jury trial. The claims and disputes subject to arbitration include all claims arising from or related to Salesperson's employment or the termination of Salesperson's employment, including but not limited to . . . tort claims . . . and claims for violation of any federal, state, or governmental law, statute, regulation, or ordinance . . . . The arbitration (i) shall be conducted pursuant to the provisions of the arbitration rules of the state in which Salesperson is or was last employed by CBRE (e.g., in California, the California Arbitration Act) or in absence of state law, the Federal Arbitration Act; and (ii) shall be heard before a retired State or Federal judge in the county containing CBRE's office in which Salesperson was last employed.

(Mot., Attach. 2 at 7, ¶ 18.) Though Defendants refer to the Federal Arbitration Act ("FAA"), because Plaintiff was employed by CBRE in Colorado (*see* Am. Compl. at 1, 9; *see also* Doc. No. 32–3 [Colo. Compl.] at 10[1]), the arbitration agreement should be analyzed under the Colorado Uniform Arbitration Act. (Mot., Attach 2 at 7, ¶ 18.) Under Colorado law, "[a]rbitration is a matter of contract and is governed by contract principles." *Winter Park Real Estate & Invs., Inc. v. Anderson*, 160 P.3d 399, 403 (Colo. App. 2007). When interpreting a contract, a court must "seek to effectuate the intent and reasonable expectations of the parties."

---

[1] The Court may consider the Colorado Court filings without converting the motion to dismiss to one for summary judgment. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008) (district court properly took judicial notice of other courts' records); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (district court may take judicial notice of "facts which are a matter of public record" without converting a Rule 12(b)(6) motion into a summary judgment motion).

7

*Id.* If the parties' intent is unclear, however, "a court must apply a presumption in favor of arbitration, and prohibit litigation unless the court can say . . . that the arbitration provision is not susceptible of any interpretation that encompasses the subject matter of the dispute."[2] *Id.* Courts "must rigorously enforce arbitration agreements according to their terms," *Am. Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 133 S. Ct. 2304, 2309 (2013), and resolve "any doubts concerning the scope of arbitrable issues" in favor of arbitration. *Sanchez*, 762 F.3d at 1146 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24–25 (1983)).

It is clear from the allegations in the Amended Complaint that Plaintiff's claims arise out of and relate to his employment and the termination of his employment from CBRE. Plaintiff alleges that, following his termination, he sought a "professional opportunity" with Colliers International, a commercial real estate company. (Am. Compl. at 5). Plaintiff states that representatives from Colliers initially engaged with Plaintiff in a dialogue regarding employment opportunities. (*Id.*) This dialogue included "multiple conversation[s] that lasted almost two hours in duration." (*Id.*) Soon after these initial conversations, however, the same representatives from Colliers became "non-responsive." (*Id.*) Plaintiff alleges that this turn of events "highly suggests that certain individuals at CBRE both disparaged and defamed plaintiff." (*Id.*) Plaintiff also asserts that there is a "strong certainty" that CBRE and the individually named defendants "continue to defame Plaintiff." (*Id.* at 6). According to Plaintiff, "this

---

[2] The FAA does not differ from Colorado law in any respect material to this case. Like Colorado law, the FAA "reflect[s] both a liberal . . . policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *Sanchez v. Nitro-Lift Technologies, LLC*, 762 F.3d 1139, 1145 (10th Cir. 2014) (quoting *AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)).

represents Defamation Per Se as it most likely included false statements about the Plaintiff[']s business and/or reputation." (*Id.*) Plaintiff's Amended Complaint does not allege any facts concerning the defendants other than with respect to his employment with CBRE. Thus, the alleged actions by the defendants necessarily arise out of Plaintiff's employment with CBRE and fall within the scope of the parties' arbitration agreement.

Although the parties' Contract is between Plaintiff and CBRE, Defendants Stoffers and Ludeman also can compel arbitration as agents of CBRE and as the intended beneficiaries of the arbitration agreement. *See*, *e.g.*, *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1279–80 (D. Colo. 2004) (recognizing that nonparty agents and third-party beneficiaries have standing to compel arbitration). Because this is a diversity case, state law must be applied to the substantive issues. *Erie R.R. v. Tompkins*, 304 U.S (1938). Colorado courts hold that "a nonparty may fall within the scope of an arbitration agreement and may bring an action on such contract if that is the intent of the parties." *Eychner v. Van Vleet*, 870 P.2d 486, 489 (Colo. App. 1993). Here, the arbitration agreement defines CBRE to include "all of its employees" and agents. Thus, the clear intent of the agreement is to require both parties to arbitrate any dispute between Plaintiff and any CBRE employee or agent that arises out of Plaintiff's employment.

Under Colorado law, a valid and unwaived arbitration clause deprives the court of subject matter jurisdiction until the dispute has been submitted to arbitration. Thus, the defendants' Motion to Compel Arbitration should be granted.[3]

---

[3] Pursuant to the Colorado statute governing motions to compel arbitration, "[i]f the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration[,]" rather than dismiss the case. Colo. Rev. Stat. § 13–22–207(7); *Lane v.*

*C.* *Claim Preclusion*

Plaintiff initiated this civil action by a filing his Complaint on February 8, 2017. (Doc. No. 1) Shortly thereafter, District Judge Raymond P. Moore *sua sponte* entered an Order addressing an evident lack of subject matter jurisdiction over Plaintiff's claims because Plaintiff's initial complaint failed to satisfy the "complete diversity" requirement of 28 U.S.C. § 1332(a). . (Doc. No. 5.) Subsequently, Plaintiff filed his Amended Complaint and removed a previously-named defendant Pete Schippits, with whom Plaintiff shared Colorado citizenship. (*See* Doc. No. 7.) Finding that the removal of Mr. Schippits created valid diversity of citizenship jurisdiction, the Court ordered Plaintiff to file a Second Amended Complaint, with Defendant Schippits and any claims against him removed. (Doc. No. 14.) On March 10, 2017, Plaintiff filed his Second Amended Complaint. (Am. Compl.)

On February 28, 2017, before Plaintiff filed his Second Amended Complaint in this Court, Plaintiff filed a Complaint in the Boulder County, Colorado, District Court ("State Court"), against Mr. Schippits. (Doc. No. 32–3 [State Ct. Compl.] at 7–21.) Mr. Schippits moved to dismiss and to compel arbitration of Plaintiff's claims pursuant to Colorado's state analog to Federal Rule of Civil Procedure 12(b)(1), and, in the alternative, to dismiss Plaintiff's claims outright as insufficiently pleaded. (Doc. No. 32–4.) Plaintiff was served with a copy of Mr. Schippits' motion to dismiss, but declined to submit a response in opposition. (*See* Doc. No. 32–5.) On April 21, 2017, District Court Judge Thomas Francis Mulvahill granted Mr. Schippit's Motion to Dismiss Plaintiff's Complaint and Compel Arbitration Pursuant to

---

*Urgitus*, 145 P.3d 672 (Colo. 2006). Nevertheless, because the court recommends *infra* that Plaintiff's claims be dismissed pursuant to Rule 12(b)(6), the court need not stay this matter pending completion of arbitration.

Colorado Rules of Civil Procedure 12(b)(1) and 12(b)(5).[4]  Defendants CBRE, Stoffers, and Ludeman now argue that Plaintiff's federal complaint must be dismissed under the doctrine of claim preclusion.  (Mot. at 6–9.)  The court agrees.

Though sometimes used to refer to the narrower concept of claim preclusion, *res judicata* traditionally subsumes both claim preclusion and issue preclusion, which is sometimes called collateral estoppel.  *See Carter v. City of Emporia*, 815 F.2d 617 n. 2 (10th Cir. 1987).  The Tenth Circuit has stated:

> The doctrines of res judicata, or claim preclusion, and collateral estoppel, or issue preclusion, are closely related.  *Res judicata* generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or issues that could have been raised in the earlier action.  A claim is barred by res judicata when the prior action involved identical claims and the same parties or their privies.  Collateral estoppel, however, does not always require that the parties be the same.  Instead, collateral estoppel requires an identity of issues raised in the successive proceedings and the determination of these issues by a valid final judgment to which such determination was essential.

*Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995) (internal citations and quotation marks omitted).  "Both doctrines require that the party or parties against whom the earlier decision is asserted had a full and fair opportunity to litigate the claim or issue."  *SIL–FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir. 1990) (citing *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481 n.22 (1982)).

Under Colorado law, *res judicata* "bars relitigation not only of all issues actually decided, but of all issues that might have been decided."  *Pomeroy v. Waitkus*, 517 P.2d 396, 399 (Colo. 1973); *State Engineer v. Smith Cattle, Inc.*, 780 P.2d 546, 549 (Colo. 1989).  *Res judicata*

---

[4] Dismissal under Colorado's Rule 12(b)(5) is dismissal for failure to state a claim upon which relief can be granted.  C.R.C.P. 12(b)(5).

operates as a bar to a second action on the same claim as one litigated in a prior proceeding where four elements are met: (1) finality of the first judgment, (2) identity of the subject matter, (3) identity of claims for relief, and (4) identity of or privity between parties to the action. *Cruz v. Benine*, 984 P.2d 1173 (Colo. 1999). Defendants argue all four elements have been met. (Mot. at 7–9.)

First, a judgment of dismissal is entitled to preclusive effect under the doctrine of claim preclusion only if it was on the merits. *Dash v. Rubey*, 357 P.2d 81, 83 (1960); *Batterman v. Wells Fargo Ag Credit Corp.*, 802 P.2d 1112, 1118 (Colo.App.1990). Dismissal for lack of personal jurisdiction is not a judgment on the merits. *Market Eng'g Corp. v. Monogram Software, Inc.*, 805 P.2d 1185, 1185–86 (Colo.App.1991). However, in the State Court order dismissing the case, the judge also relied on C.R.C.P. 12(b)(5). C.R.C.P. 41(b) provides in pertinent part that:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this section (b) and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, for failure to file a complaint under Rule 3, or for failure to join a party under Rule 19, operates as an adjudication on the merits.

Accordingly, dismissal under Rule 12(b)(5) is dismissal on the merits. *See Pohl v. US Bank*, No. 14–cv–02292–PAB–MJW, 2016 WL 1178278, at *6–7 (D. Colo. Mar. 28, 2016) (applying claim preclusion where a state court's prior dismissal for failure to state a claim under Colorado Rule of Civil Procedure 12(b)(5) constituted a decision on the merits), *aff'd*, 859 F.3d 1226 (10th Cir. 2017). Because the state court issued a final judgment on the merits of Plaintiff's claims, the first element of claim preclusion is satisfied.

Next, the second and third elements are met. The two suits are based on precisely the same causes of action and claims for relief: Plaintiff's claims of defamation and intentional infliction of emotional distress.

Third, although the defendants in the two cases are not "identical," they clearly are "in privity." A finding that parties are "in privity" requires "a substantial identity between the issues in controversy and [a] showing that the parties in the two actions are really and substantially in interest the same." *United States v. Power Eng'g Co.*, 303 F.3d 1232, 1240 (10th Cir. 2002). Here, Mr. Schippits was originally a named defendant in this litigation, and Plaintiff removed him from his Complaint in this Court only to establish diversity jurisdiction. As relates to the allegations in Plaintiff's Complaint, however, there is no practical difference between Mr. Schippits and the remaining Defendants. Mr. Schippits is Plaintiff's former supervisor and, like Defendants Stoffers and Ludeman, is a CBRE employee. Plaintiff's claims against CBRE and the individual Defendants are the same as the claims he filed against Mr. Schippits in State Court: that CBRE and its employees might have, in some unspecified way, defamed Plaintiff and caused him emotional distress. Because the issues are identical and the parties in both cases are "really and substantially in interest the same," *see id.*, this prong of the claim preclusion analysis is satisfied.

Finally, Plaintiff had a full and fair opportunity to contest Mr. Schippits' motion to dismiss in the State Court action, but he chose not to file a brief in opposition, and his claims were dismissed on the merits. Thus, because each of the elements easily is satisfied, the claim preclusion doctrine bars Plaintiff's claims for relief, and his Second Amended Complaint must be dismissed with prejudice.

### D. *Unserved Defendants*

Finally, the Court's docket reflects that Plaintiff has not served Defendants Swerdlow, Heckman, Ramirez-Escudero, and Hull. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Plaintiff filed his Second Amended Complaint on March 10, 2017. (Doc. No. 15.) On June 20, 2017, this court ordered Plaintiff to show cause in writing why the claims against the unserved defendants should not be dismissed without prejudice pursuant to Rule 4(m) for lack of service. (Doc. No. 17.) On June 27, 2017, Plaintiff responded to the order to show cause and requested additional time to serve the defendants (Doc. No. 24), and this court granted Plaintiff an extension to and including August 14, 2017 (Doc. No. 25). Now, over six months later, and nearly a year since Plaintiff filed his Second Amended Complaint, Defendants Swerdlow, Heckman, Ramirez-Escudero, and Hull have not been served. Moreover, Plaintiff has not shown good cause for an additional extension of time to serve the defendants.

Accordingly, Plaintiff's claims against Defendants Swerdlow, Heckman, Ramirez-Escudero, and Hull should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

## CONCLUSION

Because Plaintiff's claims against Defendants CBRE, Inc., Stoffers, and Ludeman are subject to an arbitration clause that deprives the court of subject matter jurisdiction, the motion to compel arbitration should be granted. Moreover, Plaintiff fails to state a claim against

14

Defendants CBRE, Inc., Stoffers, and Ludeman, and the claims against them are barred by claim preclusion.  Finally, the claims against Defendants Swerdlow, Heckman, Ramirez-Escudero, and Hull should be dismissed for lack of service.

The court need not address Defendant's remaining arguments.

**WHEREFORE**, for the foregoing reasons, this court

**RECOMMENDS** that the "Revised Motion to Dismiss Complaint and Compel Arbitration" (Doc. No. 32) be **GRANTED**.  The court further

**RECOMMENDS** that the claims against Defendants Swerdlow, Heckman, Ramirez-Escudero, and Hull should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Dated this 28th day of February, 2018.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge